Daniel,
 
 Judge.
 

 Phelps v.
 
 Blount,
 
 1 Dev. Rep. 177, was
 
 *158
 
 a case like the one now before the court. It was an action of trespass
 
 quare clausum, fregit.
 
 The court then decided that one claiming title under a party who is estopped to deny the title of the plaintiff, is also bound by that estoppel. And that he who claims a title by estoppel, is, as to those estopped, in the constructive possession of the land, and may maintain trespass. Daniel Sawyer was estopped by his deed, to deny the right of the plaintiff. The plaintiff, to estop the defendant from introducing in evidence the patent to Belangee, showed forth a deed from Daniel Sawyer to the defendant, for the lands trespassed on, of a younger date then the one to himself. The plaintiff contended, that as he and the defendant
 
 loth
 
 claimed the lands under Sawyer, the defendant could not in law be permitted to introduce evidence of a title in a third person. The judge overruled the objection, and permitted the defendant to give in evidence the patent to Belangee, which was older than the deed from Sawyer to the plaintiff. The defendant did not pretend to deduce any title from Belangee to himself. We are of opinion, that if the trespass alleged were committed upon a claim of title to the lands under the deed to him from Sawyer, he, according to the decision above mentioned, was estopped to introduce in evidence the patent to Belangee. If the court should be satisfied of the fact, that the defendant did not claim title under the deed from Sawyer to him, when he entered as such trespasser, then the evidence would be admissible, to show that he was accountable in damages to Belangee, who had the better title, and not to the plaintiff.
 

 The nonsuit must be set aside, and a new trial granted.
 

 Per
 
 Cukmm. Judgment reversed.